**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50371 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-04109-L |
| v. | |
| EDGAR JUAN RIVERA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, District Judge, Presiding

Submitted May 15, 2012[**]

Before:   CANBY, GRABER, and M. SMITH, Circuit Judges.

Edgar Juan Rivera appeals from the 41-month sentence imposed following

his guilty-plea conviction for transportation of illegal aliens and aiding and

abetting, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (v)(II). We have jurisdiction

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291, and we affirm.

The government contends that this appeal should be dismissed in light of the appeal waiver set forth in Rivera's plea agreement. We decline to reach the issue of whether this appeal falls within the scope of the appeal waiver and instead affirm on the merits. *See United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc).

Rivera first contends that the district court erred when it increased his base offense level to 18 pursuant to U.S.S.G. § 2L1.1(b)(6) because the offense involved a substantial risk of death or serious bodily injury. Rivera contends that the district court instead should have applied a two-level enhancement for reckless endangerment during flight pursuant to U.S.S.G. § 3C1.2, which would have resulted in a base offense level of 14. The district court did not err because the Guidelines specifically cite "transporting persons in the trunk . . . of a motor vehicle" as an example of reckless conduct that justifies the section 2L1.1(b)(6) enhancement. *See* U.S.S.G. § 2L1.1 cmt. n.5.

Rivera also contends that an unwarranted sentence disparity was created because the district court applied the section 2L1.1 (b)(6) enhancement to Rivera and not to his co-defendant. The district court did not err because Rivera, unlike his co-defendant, led the Border Patrol agents on a dangerous high-speed chase

while two people were in the trunk of the car he was driving.

Finally, the sentence at the bottom of the Guidelines range is substantively reasonable and there is no unwarranted sentencing disparity where, among other things, Rivera absconded from supervision while on bond. *See United States v. Espinoza-Baza*, 647 F.3d 1182, 1195 (9th Cir. 2011).

**AFFIRMED.**